## WILLIAM E. HALE *et al.*

### *v.*

## JOHN JOHNSON.

1. NEGLIGENCE—*employer not liable for negligence of contractor in performance of work under contract.* While a master is responsible for injuries arising from the negligence of his servant, a party who has contracted for the doing of certain work for his use and benefit is not liable for injuries arising during the performance of such work.

2. MASTER AND SERVANT—*when the relation does not exist between employer and employed.* One who contracts to do a specific piece of work, furnishing his own assistants and executing the work either entirely in accord with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor, and not a servant, and a person injured by his negligence in the performance of the work would have no right of action against the party for whose benefit the work is being done.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. HITCHCOCK & DUPEE, for the appellants.

Mr. W. W. PERKINS, and Messrs. HUNTER & PAGE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon the case, brought by Johnson against defendants Hale, Moss and Rowe. The declaration alleges that Rowe was erecting a building upon certain premises which he owned; that he employed Hale and Moss as his contractors and servants in such erection; that Hale and Moss employed Johnson, the plaintiff, as a day-laborer and servant upon the building, and that he was working there under their direction and control; that while he was so engaged, there was an unsafe wall on the premises liable to fall; that this was known to each of the defendants, but not to plaintiff; that Hale and Moss, with the consent of Rowe, ordered plaintiff to excavate near

| 80 | 185 |
| 33a | 596 |
| 80 | 185 |
| 50a | 517 |
| 80 | 185 |
| 58a | 128 |
| 80 | 185 |
| 165 | 141 |
| 68a | 488 |
| 80 | 185 |
| 168 | 518 |
| 80 | 185 |
| 172 | 181 |
| 80 | 185 |
| 92a | [2]397 |
| 80 | 185 |
| 191 | [1] 68 |
| 96a | [1] 8 |
| 80 | 185 |
| 197 | [1]268 |
| 80 | 185 |
| 108a | [2]128 |

this wall; that while he was so laboring, through the negligence of defendants and without any negligence on his part, the wall fell upon him and crushed his arm, which had to be amputated, etc.

A verdict was found, and judgment entered against all the defendants.

There was clearly error in rendering judgment against defendant Rowe.

The evidence shows that Hale and Moss were contractors, engaged in jobs of this sort; that in this case they undertook to excavate for the foundations of a building for Rowe, and were to be paid a percentage upon the cost of the labor; that they employed and paid all laborers themselves; that they alone exercised supervision of the work; that plaintiff was employed by them as a day-laborer about the work at the time he received the injury complained of. It does not appear that Rowe had any connection whatever with the excavation which was being done, after the making of his agreement with Moss and Hale, further than to pay them the stipulated price when the work was finished.

While a master is responsible for injuries arising from the negligence of his servant, it is the doctrine that a party who has contracted for the doing of certain work for his use and benefit is not liable for injuries arising in the performance of such work. *Scammon* v. *City of Chicago*, 25 Ill. 424; 2 Hilliard on Torts, p. 537, § 11; Wharton on Negligence, § 181, and cases cited by these authors. Shearman and Redfield, in their work on Negligence, in discussing the subject of who are contractors or servants, in § 77 lay it down that, "one who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor and not a servant."

We have no doubt that Hale and Moss here occupied, as to Rowe, the position of contractors, and not servants. It is not

enough to charge defendant Rowe, for plaintiff to prove that he has suffered loss by some event which happened on Rowe's premises. He must also prove that Rowe violated a duty resting on him toward the plaintiff. There is no pretense of that, more than is supposed to arise from the alleged negligence of Hale and Moss or their foreman; but plaintiff having been employed by Hale and Moss, and they being contractors, and not agents or servants of Rowe, there was no privity whatever between Rowe and plaintiff.

There is no ground of liability as respects Rowe.

Appellee urges that this objection should not be considered because it is raised here for the first time; that it should have been raised in the court below by demurrer, motion in arrest of judgment, or on motion for a new trial, and that not having been so done, the objection was waived. The objection does not go to the sufficiency of the declaration, but of the evidence. While the declaration does speak of Hale and Moss as contractors, it also charges that they were servants of Rowe. All the counts allege personal negligence on the part of each defendant, which, if proved, would sustain the judgment. So that there was no ground of demurrer, or for a motion in arrest of judgment, in this respect.

As to not suggesting the objection in the motion for a new trial, one of the causes assigned under the motion was, that the verdict was contrary to the evidence. This covered it. The evidence did not support the verdict which was rendered. A motion for a new trial upon this ground having been overruled, the decision may be here reviewed.

The judgment being unauthorized as against the defendant Rowe, it must be reversed. This renders it unnecessary to consider the question as to whether there is any liability as respects the contractors, Hale & Moss.

The judgment is reversed and the cause remanded.

*Judgment reversed.*