## Bridget McDermott, by Mary McDermott, Next Friend, v. Daniel H. McDaneld.

1. NEGLIGENCE—*Proprietor Not Responsible for Acts of Contractor.*—Where the owner of land contracts with a builder to improve a building upon it and surrenders the possession of the premises, he is not liable for an accident by which a person is injured through the negligence of the contractor.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for defendant; error by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 22, 1894.

ERRANT & LANGWORTHY, attorneys for plaintiff in error.

HARDY, ESSICK & CLARK, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was plaintiff below, and is a child. Her parents were tenants of the defendant. He, wishing to add another story to the building, let contracts to have the work done. The carpenter placed the cornice, which he took off the building, where the child ran against it and was injured.

The plaintiff seeks to take this case out of the general rule that a proprietor is not responsible for any negligence of an independent contractor, for which rule see a great collection of cases in Chicago City Ry. v. Hennessy, 16 Ill. App. 153, by urging that the defendant, having no consent of the parents to enter upon the premises, was a trespasser upon them, and thus responsible for consequences.

Had the parents sued for any damages to their property in the premises, the cases of Glickauf v. Maurer, 75 Ill. 298, and Waller v. Lasher, 37 Ill. App. 609, would have been applicable; but entering upon the work without their consent was no wrong to anybody else, whether a member of their family or not.

It was upon this view of the law that the court below left the case to the jury, and the judgment based upon a verdict for the defendant is affirmed.