WILLIAM J. JEFFERSON

*v.*

THE JAMESON & MORSE COMPANY.

*Filed at Ottawa November 9, 1896—Rehearing denied March 3, 1897.*

1. MASTER AND SERVANT—*contractor in full control of repairs on building is not a servant of owner.* A contractor having entire control of a building on which he is making repairs, using his own means and methods for doing the work on a previously adopted plan, is not a servant of the owner of the building, and the owner is not liable to third persons for his negligence.

2. LANDLORD AND TENANT—*landlord not liable to tenant consenting to repairs, for contractor's negligence.* A tenant who has consented, for a consideration, to the making of repairs on the rented building by a contractor whom the landlord has placed in full control, occupies no better position than a stranger in case he is injured through the contractor's negligence.

*Jefferson* v. *Jameson & Morse Co.* 60 Ill. App. 587, reversed.

APPEAL from the Appellate Court for the First District;—heard.in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE F. BLANKE, Judge, presiding.

M. J. DUNNE, for appellant:

An independent contractor, and not his employer, is liable for damages resulting to a third person by the negligent performance of the work of such contractor or his servants, where the work is not subject to the employer's direction or control.  *Railroad Co.* v. *Shalley,* 33 Fla. 397.

The owner of a building in process of construction by an independent contractor is not liable for an injury resulting from the negligent construction of the building. *Mickee* v. *Reaper Co.* 77 Hun, 559.

MATTHEWS & HUGHES, for appellee:

Nobody can escape from the burden of an obligation imposed upon him by law, by engaging a contractor for its performance.  Shearman & Redfield on Negligence, sec. 176; *Waller* v. *Lasher,* 37 Ill. App. 609.

Where, under an agreement between a landlord and tenant, the landlord is licensed to make improvements, a contract arises, by legal implication, that such work shall be done in a skillful and careful manner, so as to avoid damage to the tenant.  *Waller* v. *Lasher,* 37 Ill. App. 615; *Robbins* v. *Chicago,* 4 Wall. 679.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought by appellant to recover rent for the second floor of the building 175 Monroe street, in Chicago, under two leases executed by the appellee.  To the declaration defendant pleaded the general issue, and also interposed a special plea, in which it set up that during the tenancy, whilst appellant was putting two additional stories on his building and making other alterations, a drain-pipe was broken and the water flooded its premises and did damage to its property, and that it and appellant submitted the matter to arbitration, and that the arbitrators appraised the damage at $591.30, which sum appellant agreed to pay.  Defendant also pleaded a set-off.

On the trial the leases were read in evidence, the occupancy of the premises by appellee and the amount due for rent being proved by appellant. It was also proved that appellant and appellee entered into a written agreement by which appellee consented to the making of said improvements, and appellant agreed to pay $15 for each day that appellee was interrupted in its business and $50 for cleaning up thereafter, and a new lease was to be given, and that after the work was done it was agreed that appellant was to allow appellee $200 as such compensation. It was proved by appellant that he contracted with a competent and experienced builder to do the work of putting on the additional stories and making the other alterations; and that appellant took or had no control, supervision or direction over the work or the contractor or his workmen, and, save as owner engaging such contractor, had nothing to do with the breaking of the drain-pipe which caused the flooding of the premises of appellee.

The cause was submitted to the court without a jury, and upon the evidence the court gave judgment for appellee for costs, holding that the sum appraised as the amount of damages, $591.30, and the sum agreed by the parties under the written agreement, $200, could be deducted from the rent due but no set-off could be allowed. Plaintiff appealed to the Appellate Court, where the judgment was affirmed.

In the propositions of law submitted to the court by appellant it was claimed that where the owner of a building contracts with a competent and experienced mechanic to build additional stories to his building, and turns over the entire work to him, and that by reason of the negligence of the contractor or his workmen, or from any other cause without any fault of the owner, the premises of a tenant in such building are injured and his goods damaged, the owner is not liable to the tenant for such damage, and that the tenant's remedy, if he has any, is against

the person causing the damage. The court, however, refused to hold as law the propositions of appellant bearing on the question, but held that under the evidence introduced appellant was liable to appellee for all damages sustained.

In *Scammon* v. *City of Chicago*, 25 Ill. 424, it was held that where an owner of land contracts with a skillful mechanic to erect on the land a building and surrenders the premises to the contractor, the owner is not answerable in damages for an accident which occurs to a stranger passing by, and that if the injured party has any recourse it is against the contractor. In *Pfau* v. *Williamson*, 63 Ill. 16, it was again held that where the owner of a lot contracts with a skillful and competent builder for the erection of a house and surrenders to him possession of the property, and the work is not done under the direction of the owner, and injury results to a third person from the negligence of the contractor, the latter is not the servant of the owner, and the contractor alone is liable for the injury. In *Hale* v. *Johnson*, 80 Ill. 185, it was held that one who contracts to do a certain piece of work, furnishing his own assistants and executing the work in accordance with a plan previously given him by the person for whom the work is done, without being subject to the orders of the owner in respect to the details of the work, is a contractor and not a servant, and a person injured through the negligence of the contractor could not recover against the owner. The same rule has been adopted in other States. *Morton* v. *Thurber*, 85 N. Y. 550; *Hilliard* v. *Richardson*, 3 Gray, 349; *Forsythe* v. *Hooper*, 11 Allen, 419; *Lawrence* v. *Sherman*, 39 Conn. 586.

Where the owner employs a mechanic and sets him to work in repairing a building or in the construction of a new building, and furnishes the material to be used and retains direction of and control over the details of the work and the men employed, in such case the mechanic would be the mere servant of the owner, and the owner

would be liable for the negligence of the servant. But where the contractor is given the entire possession of the building where the work is being done, and uses his own means and methods for accomplishing the work, and is not under the immediate control of the employer but works under a plan adopted before he contracted to perform the work, he occupies the position of a contractor, and the employer will not be responsible for damages resulting from his negligence. (*Morgan* v. *Smith,* 159 Mass. 570.) Here, as appears from the evidence, appellant let the work of repairing the building to a competent and experienced mechanic, gave him entire control over the building, and surrendered to him all supervision and direction over the manner of doing the work. Indeed, after the contract for the repairs was made appellant had nothing whatever to do with the building or the work, but the entire management and control were in the hands of the contractor. Under such circumstances appellant was not liable, and the court erred in refusing the propositions of law submitted by him on this branch of the case.

The fact that appellee was a tenant of appellant, occupying the building where the repairs were made, does not, in our opinion, make this case an exception to the general rule heretofore announced. Appellee contracted in writing with appellant, for a certain consideration therein expressed, that the improvement or repairs might be made. Having agreed that the repairs might be made it occupies no better position, so far as its right to recover damages is concerned, than a stranger. In other words, after appellee contracted that the work might be done, it and appellant, so far as the work was concerned, occupied the position of strangers to each other. If appellant had gone on and employed mechanics and done the work himself, and damages had resulted through the negligence of his servants, he would be liable. But, on the other hand, if he saw proper to let the contract to a contractor and surrender the possession of the property

to him and give him the entire supervision and control of the work in all its details, and damages resulted through the negligence of the contractor, the latter alone would be liable for such damages.

The judgments of the Superior and Appellate Courts will be reversed and the cause remanded.

*Reversed and remanded.*