## Whitney & Starrette Company v. Thomas O'Rourke.

1. NEGLIGENCE—*Of Independent Contractor—Employer Not Liable for.*—The rule that a master is not liable for the negligence of an independent contractor is not affected by the fact that the contractor is paid the cost of the work and a per cent instead of a fixed price.

**Trespass on the Case**, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed, if remittitur to $2,500 be entered, otherwise reversed and remanded. Opinion filed January 7, 1897.

KEEP & CROSS, attorneys for appellant.

EDWIN WHITE MOORE and RUSSELL WHITMAN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant corporation was sued by the appellee to recover damages for an injury received by him by being hit

by a board that fell from a building in Chicago, where he was at work, in the spring of 1893, and the judgment for $5,000, from which this appeal is prosecuted, was recovered.

The building was owned by L. Z. Leiter, and the appellant was erecting it for him under what is called a percentage contract, which means, as we understand it, that appellant was to furnish the material and labor, and was to be paid its cost with a percentage added.

Such an arrangement between appellant and Mr. Leiter, the owner, made the appellant an independent contractor, and exempted Leiter, as owner, from being civilly answerable for injuries arising from acts of negligence by appellant in the performance of the work. Hale v. Johnson, 80 Ill. 185; Alexander v. Mandeville, 33 Ill. App. 589.

The building, at the time the accident happened, had reached the height of about ten stories, and work upon it was being pushed at night as well as in the day time. It was about midnight when the board fell upon appellee, but where it came from was a question. No one saw it in the act of falling, until, at least, at the instant it struck appellee.

All the outside scaffolding had been removed, but there remained a board covering to a terra cotta sill course, or coping, that projected a foot or more from the wall of the building. Such covering was of boards laid lengthwise, two boards in width, and was for the purpose of protecting the coping from being chipped or broken by objects that might fall upon it.

The appellee and a fellow-laborer were standing upon the ground, engaged in hoisting lime in a barrel, by means of a rope and pulley, from the ground to the upper story of the building, and, at the time the board fell, the barrel was descending empty, and was at about the eighth story.

It was a fair conclusion for the jury to draw, from the evidence, that the board that struck the appellee fell from the coping, and was one of those that formed the covering to it. If it did fall from there, one contention of appellant is, that it was caused to fall by the negligence of appellee, or his co-servant, by negligently permitting the ropes with

which they were hoisting to catch upon it, and there was evidence that tended to show such to be the case, a witness for appellant testifying that appellee and his co-servant so stated just after the accident.   On the other hand, there was evidence that from the distance—some four or five feet—at which the hoisting pulley was hung beyond the building line, that the perpendicular course of the ropes and barrel was entirely free from the coping and its board covering, and that neither the ropes nor the barrel were in any way connected with the falling of the board.

The appellee testified that Hogan, his co-servant, was working the rope at the time, and he was looking up and watching the barrel as it came down, in order to catch it and guide it into the lime box, and was positive that it did not hit against anything, and Hogan testified that he saw the barrel, from the time it started downwards, until the board fell, and that the barrel was then at about the ninth story, and did not strike anything.

An examination, made immediately after the accident, revealed the fact that a board was missing from the covering to the coping, and that another was hanging, and there was testimony that the board that hit appellee was of the same size and looked like the boards that remained on the coping; and there was also evidence tending to show that at some time before the accident the boards upon the coping had become loose by bricks falling upon them.

All these matters were, properly, for the consideration of the jury, and the verdict must be regarded as having settled them in favor of appellee in every essential requisite to sustain a right of recovery by him, and, except for some other ground, the verdict and judgment will have to stand.

It is very strenuously insisted that the appellants are not liable in any event; that they were not the employers of appellee, and hence that no duty of master to servant existed; that appellee was employed by and was under the control of a foreman, who was in charge under a superintendent of the building employed by the owner.

We need not repeat the evidence that is relied upon to

support such contention.    It is not all one way, as is argued.

Both counts of the declaration alleged that the appellant employed the appellee, and the negligence that was charged was charged as being the negligence of the appellant and its agents, and there was evidence enough to support the verdict under either count of the declaration.

Criticism is made concerning the giving of some instructions and the refusal of others; but, upon a consideration of them as a whole, we are satisfied that no substantial error was committed in regard thereto.

That the damages awarded are excessive we think is clear.   While appellee was hurt severely, we do not find in the evidence anything to justify so large an award, and, without repeating the evidence, we will merely say that unless the appellee shall, within ten days, enter a remittitur down to the sum of twenty-five hundred dollars, the judgment will be reversed on that ground, and the cause remanded for another trial.

Affirmed, if remittitur be entered down to $2,500; otherwise, reversed and remanded.