69  57
83  530

## North Chicago St. R. R. Co. v. Frank G. Dudgeon.

1. Fellow-Servants—*Street Car Crews.*—A conductor on a street car is a fellow-servant of a gripman and another conductor who are in charge of another car in the same train.

2. Negligence—*Of Independent Contractor.*—A street car company is not liable for injuries caused by the negligence of a contractor who was engaged in repairing the pavement in the part of the street used by it.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

Egbert Jamieson and John A. Rose, attorneys for appellant.

E. S. Cummings, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

The appellee was a conductor on a cable train of the appellant going north on North Clark street, at about nine

o'clock in the evening of October 20, 1892. The train consisted of a combination passenger and grip car, and one trailer. He had charge of the trailer, and another conductor, named Parker, had charge of the grip car, and the two, together with the gripman, constituted the crew of the train.

When the train reached a point near Ogden Front, it was met by another train going south with orders for the crew, of which appellee was one, to leave the north bound train and take charge of the south bound one. At such point, paving repairs were being made by appellant, through its contractors for that purpose—Farwell & O'Day—and a large amount of paving stones, gravel and other material for paving, was piled in the street alongside the railway tracks, rendering it difficult to get aboard the south bound train.

It became the duty, under his orders, for the appellee to take charge of the south bound trailer, which was an open, or summer car, with a foot-board extending along its entire sides. That south bound train was made up, as the north bound one was, of a combination grip car and one trailer.

To reach his car on the south bound train, which was the trailer, the appellee left the north bound train, and passed over the track, and in front of the grip car of the south bound train. He then walked along outside of the stone piles to a point opposite the rear of the south bound trailer, but finding it difficult, because of the stone piles, to board the car at that place, he retraced his steps toward the front end of the trailer, and there at a place where the stones were not piled so high and close to the car, and where there was room to step over the stones to the ground between them and the car, he stepped over and started to get on the foot-board of the trailer. He was carrying his register under his left arm, and took hold, with his right hand, of the handle on the front dash-board, and stepped upon the foot-board with his left foot. At that moment the train started forward and his hold was loosened and he fell, or was thrown, against the stones, and rolled back under the foot-board, which passed over him, lying lengthwise, its full length before the train could be stopped.

Either by the fall, or by the foot-board, or both, appellee was badly injured, and, probably, permanently so.

The record presents two controlling questions, both of which, under the evidence, must be decided against the appellee.

The first one is, was the accident due to the fault of a fellow-servant of appellee? It will not be denied that both the conductor of the grip car and the gripman were fellow-servants of the appellee. Rolling Mill Co. v. Johnson, 114 Ill. 57.

There was no contradiction of the testimony of the grip-man that the conductor of his car told him to go ahead, and that he started the train because of such order.

The negligence in that regard, and it can not be claimed that appellee was thrown except by the starting of the train, was plainly the negligence of a fellow-servant of appellee, for which, under the law, the appellant is not liable.

But it is insisted that the appellant is liable because the proximate cause of the accident consisted in the stones being piled, as they were, alongside of the track. And the argument is that had the stones not been there, appellee having been, under the evidence, thrown away from the car, he would have rolled into the street instead of being forced back under the foot-board, by the stones, upon the principle that where the negligence of the master (in piling the stones in the street) is combined with the negligence of a fellow-servant in producing an injury, and neither is the efficient cause alone, the master as well as the servant is liable. Pullman Palace Car Co. v. Laack, 143 Ill. 242.

Perhaps, considering the time at our disposal, it is enough in answer to that proposition to say that there is no evidence that the stones against which apellee was thrown, were placed there by, or belonged to, the appellant. The stong presumption is that they were put there by, and belonged to, Farwell & O'Day, who were independent contractors with the appellant to do the paving.

Under the evidence there can be no serious contention

but that Farwell & O'Day were independent contractors with the appellant for doing the paving, and that appellant's only concern with the job was to see that the work was done properly by the contractors. If appellant, and not Farwell & O'Day, owned the material, it lying in a public street, it was incumbent upon appellee to show it. Not having done so, we are bound to hold that the placing of the stones where they were was only subsidiary to the performance of the job undertaken by the contractors, and the city authorities not objecting to the stones being piled in the street, the appellant had no right to do so; nor was it a natural contingency which the appellant was required to anticipate or provide against.

The principle is clearly and elaborately laid down in C. C. Ry. Co. v. Hennessy, 16 Ill. App. 153.

There is but little, if anything, in the record upon which the judgment can stand, and it is therefore reversed and the cause remanded.