**Annie Haugh and Thomas Hunt, Administrators, Appellees, v. Joseph T. Ryerson & Son, Incorporated, Appellant.**

**Gen. No. 16,999.**

1. DEATH—*liability of owner of premises.* In an action for death caused by a fallen electric wire, an instruction that no recovery can be had against the owner of the premises on which the injury occurred and for whose use the electricity was supplied, if the sole cause of the accident was defective insulation, is proper where deceased was employed thereon by an independent contractor and where the alleged defective insulation was caused by another independent contractor.

2. ELECTRICITY—*when negligence not presumed.* There is no presumption of negligence against the owner of premises on which plaintiff's intestate was working when a wire, through which electricity was conducted for the sole use of the owner, broke and fell to the ground, deceased having been employed by an independent contractor and the wiring having been done by another independent contractor.

3. MASTER AND SERVANT—*when owner of property liable to employes of independent contractor.* Owners of property are only liable for injuries to employes of independent contractors when they participate in the negligent act or where there are latent dangers on the premises which cause the injury which are known to them but are unknown to the contractor or employes.

4. DEATH—*directed verdict.* In an action against the owner of property for the wrongful death of an employe of an independent contractor caused by the breaking of an electric wire, on the ground that the wire was on such owner's property and was used solely to supply electricity to such owner, a verdict should be directed for the defendant where the wire was placed in the position it occupied on request of deceased's employer and another independent contractor, and where deceased was warned of the danger and where the injury was caused by the negligence of fellow employes of deceased.

Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed June 14, 1912. Rehearing denied July 2, 1912.

H. L. HOWARD, for appellant.

JACOB C. LEBOSKY, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought in the Superior Court of Cook county by appellees, as administrators of the estate of Thomas Haugh, deceased, against Charles F. Volkmann, the Commonwealth Edison Company and Joseph T. Ryerson & Son. A settlement was effected with Volkmann by his paying $2,000, and a covenant not to sue was given. Thereupon the suit was dismissed as to him. There was a trial of the issues between appellees and the Commonwealth Edison Co. and the appellant, Joseph T. Ryerson & Son. The jury found the Commonwealth Edison Company not guilty and the appellant guilty and awarded damages. From a judgment rendered upon such verdict the appellant appeals. An appeal was prayed by the appellees as

against the Commonwealth Edison Company but was not perfected.

The suit is based upon the alleged negligence of defendants, which is charged to have caused the death of appellee's intestate. The intestate was in the employ of Charles F. Volkmann, who was engaged at the time of the accident in erecting iron or steel columns or trusses on the north side of a building owned and occupied by the appellant Joseph T. Ryerson & Son. Two or three weeks before the accident Volkmann had notified Ryerson & Son that certain feed wires were in his way and would have to be removed so that he could proceed with his work. A certain pole and feed wires had been erected and placed in position by the Commonwealth Edison Company, and belonged to that Company; they were, however, on the premises of Ryerson & Son. On October 31, 1907, the Commonwealth Company's men moved one of the poles and certain wires. The place to which they were moved was designated by Volkmann. The deceased was working as a member of the hoisting gang, working on a derrick of Volkmann, on the day of the accident, which was November 6, 1907. At this time two steel columns had been erected in a row directly west of the wires. The hoisting gang at the time of the accident was engaged in moving an iron truss. The gang consisted of five men. The deceased and another member of the gang, named Knudson, had the duty of attaching the chain and hook to the articles that were hoisted and unfastening the same. McManigle, the foreman for Volkmann, directed the movements of the men. The chain was fastened around an angle iron by the deceased and Knudson on McManigle's order. When the chain had been fastened the truss was elevated ten or fifteen feet from the ground, and the boom was swung from the south toward the east and directly toward the feed wires in question. The truss was then again let down on the ground in an upright position, resting on its base, and the men tried to tip,

it over towards the east. They did not succeed in doing this, and the foreman for Volkmann ordered that the truss be again elevated. He placed a stone under one end of it, so that when it struck the ground it would of itself tip over towards the east. After the truss had been for the second time let down on the ground and tipped over, the deceased and Knudson walked over to unfasten the chain. As they did this a sudden flash was seen, and the two men fell to the ground unconscious. Whether or not they had succeeded in unfastening the chain before the accident happened is uncertain. It would seem that when the truss was being tipped over towards the east the chain slipped back on the angle iron, a distance of one or two feet, towards the center. The electric wire, which was about thirty feet up from the ground, broke and both ends fell to the ground. No one connected with the appellant was on the ground at the time of the accident. When the pole was moved, on October 31st, a superintendent for appellant was called into consultation. The pole was not placed where he suggested, but the wishes of Volkmann, the employer of deceased, through his foreman, McManigle, were complied with and the pole placed where the latter directed. It was admitted by the Commonwealth Edison Company and the appellant that the death of the plaintiffs' intestate was caused by the electrical shock occurring to him on the day in question and on the premises of the defendant, Ryerson & Son, but outside the shop, and on the building that was being constructed; that the electricity conveyed over the wire in question was supplied to Ryerson & Son by the Commonwealth Edison Company, and that the wires were used solely in supplying power to the appellant Ryerson & Son.

A motion was made by the appellant at the conclusion of all the evidence that the jury be instructed to return as to it a verdict of not guilty. This motion was denied. A similar motion at the close of the appellees' evidence had been made and had been denied.

We think the instruction to find the appellant not guilty should have been given.

The appellees apparently base their right to recover upon the proposition that the poles and wire were on the property of appellant, and that the current of electricity conducted through the wire was for the sole use of the appellant. It is further argued that the appellant should be held liable because the wire was not properly insulated. The evidence does not, in our opinion, tend to prove that there was improper insulation of the wire. If such was the case, it was the fault of the Commonwealth Edison Company.

The court charged the jury that there could be no recovery against the appellant if the appellees' intestate was injured as a result of any defective insulation of the wire in question, and if such defective insulation was the sole cause of the accident. We think this instruction was proper.

We have read with great care the brief and argument of appellees upon the other propositions, namely, that the appellees should be allowed to recover because the poles and wire were on the property of appellant, and because the current of electricity conducted through the wire was for the sole use of appellant, but these admitted facts are not sufficient to raise a presumption of negligence. It is the settled law of this state that owners of property are not responsible for injuries to employes of independent contractors, unless the owner participates in the doing of a negligent act which results in the injury, or unless there are latent defects or dangers existing on the premises known to the owner and unknown to the contractor or his employes, which defects occasion the accident. (Hale v. Johnson, 80 Ill. 185; Foster v. City of Chicago, 197 Ill. 264; Boyd v. C. & N. W. Ry. Co., 217 Ill. 332; Calvert v. Springfield Electric Light & Power Co., 231 Ill. 290.)

The deceased was warned of the danger prior to the accident. The wire was placed in the position it was

at the request of his employer, Volkmann, and by the Commonwealth Edison Company, both Volkmann and the Commonwealth Company being independent contractors. The accident occurred because of the negligent manner in which the derrick was handled by the employes of Volkmann, and not through any negligence of Ryerson & Son. It would seem that Volkmann recognized his liability and made a settlement with appellees on account thereof.

It is unnecessary to discuss the other questions raised in the briefs. For the reasons stated the judgment will be reversed.

*Reversed.*