Rockingham, }
June 5, 1928. }

JAMES H. PORTER v. CONSOLIDATION COAL COMPANY.

*Sewall & Waldron (Mr. Sewall* orally), for the plaintiff.

*John L. Mitchell* and *Ernest L. Guptill (Mr. Mitchell* orally), for the defendant.

ALLEN, J. The crew of the lighter were not the servants of the defendant. It had no control over them or the details of their work. So far as anyone aside from the Navy Yard as their employer might direct their work, it was the plaintiff's employer. If the crew were not his servants, even less were they the defendant's. And if they were not at the time the servants of the plaintiff's employer, then the case is one of two independent contractors engaged to produce a result with prescribed arrangement for coöperation between them. There was no evidence of control reserved or provided in any respect to be exercised by the defendant, as in *Paro* v. *Company,* 77 N. H. 394, and *Winslow* v. *Wellington,* 79 N. H. 500.

If the defendant might "discharge the work" of the lighter and crew, it was a right to discharge an independent contractor. It had no right to engage or discharge the crew or any of them as employees of the Navy Yard, and no right to direct, control, or give orders in the mode, method or manner of doing the work. A master's liability for his servant's acts not committed by the master's personal

fault rests on the doctrine of *respondeat superior*, and the crew not being the defendant's servants and the defendant not being in personal fault, no principle remains for imposing liability on it. The crew were rendering a service for the defendant, but were not doing its business or work. *McCarthy* v. *Souther, ante*, 29, 37.

So far as the crew were not the servants of the plaintiff's employer but were only the servants of the Navy Yard as an independent contractor, the contractee is under no liability for the negligence of the servants of one contractor to those of another. Since they may not look to the contractee as their master, he may not be looked to for liability for such negligence. If the owner of a woodlot contracts with A to saw out the lumber with a portable mill on the lot and with B to cut and draw the timber to the mill, with provision for necessary coöperation between them which may include some control of B's work by A, the owner is not liable for the negligence of the servants of one contractor to those of the other. "When we once arrive at the principle that employment, control, and supervision, or the right to such, over the person whose neglect was the immediate cause of the injury, is to test all these cases, the logical result seems inevitable, that such rule is as applicable to contracts for distinct portions of a building as to a contract for the whole." *Potter* v. *Seymour*, 4 Bosw. (N. Y.) 140. See also *Bachler* v. *Widmyer*, 242 Pa. St. 108; *Harkins* v. *Refinery*, 122 Mass. 400; *Haugh* v. *Ryerson*, 171 Ill. App. 414; *Joyce* v. *Company*, 155 N. Y. App. Div. 586; *Bergen* v. *Company*, 178 N. Y. App. Div. 400.

The cases cited by the plaintiff do not disagree with the rule here applied, and are clearly distinguishable in their facts. In *Standard Oil Company* v. *Anderson*, 212 U. S. 215, the appellant's servant assisted in the loading of a cargo by an independent contractor, but the particular work done by the servant remained in the appellant's control "as its own work, by and through its own instrumentalities and servant," who acted in coöperation with the contractor and his servants and not in subordination to them and who received from them information, and not orders, for the proper discharge of the work he was doing. In *Sanford* v. *Company*, 118 N. Y. 571, and *Kilroy* v. *Company*, 121 N. Y. 22, the material facts were similar to those in the *Anderson* case.

*Judgment for the defendant.*

SNOW, J., was absent: the others concurred.