# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

### DAVID M. HART

*v.*

### THE WASHINGTON PARK CLUB.

*Filed at Ottawa April 1, 1895—Rehearing denied October 11, 1895.*

1. NEGLIGENCE—*racing grounds must be kept reasonably safe for spectators.* Horse racing grounds, to which the public are invited, must be kept in a reasonably safe condition for the spectators.

2. SAME—*negligence not presumed from mere fact of injury.* Negligence of the person conducting a public exhibition of horse racing cannot be presumed from the mere fact that a spectator was injured by a runaway horse within the place reserved for spectators.

3. PLEADING—*sufficiency of allegation of negligence against proprietor of race track.* A declaration does not sufficiently allege negligence of the person conducting a public exhibition of horse racing by stating an invitation to the public, and that a spectator thereat, without fault on his part, was injured by a runaway horse, without further allegations as to the particular place of the injury or defendant's control over the immediate cause of it.

*Hart* v. *Washington Park Club,* 54 Ill. App. 480, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

| 157 | 9 |
|-----|-----|
| 163 | 484 |

| 157 | 9 |
|-----|-----|
| 79a | 294 |

| 157 | 9 |
|-----|-----|
| 87a | 40 |
| 88a | 11 |

| 157 | 9 |
|-----|-----|
| 95a | ¹495 |

| 157 | 9 |
|-----|-----|
| 107a | ¹ 16 |
| 109a | ¹653 |

| 157 | 9 |
|-----|-----|
| 209 | ²326 |
| 111a | 454 |

| 157 | 9 |
|-----|-----|
| 215 | 386 |

38 LRA 157

ROSENTHAL, KURZ & HIRSCHL, for plaintiff in error:

The defendant has the burden of showing how it happened that the horse was allowed to so run, and also to show that defendant had used all reasonable care to prevent such an occurrence. The *gravamen* of the negligence is the very act itself of the horse running. The presumption of negligence is raised, subject, of course, to being overcome by the defendant "showing a cause consistent with due care." Cooley on Torts, 663, 664.

These are the principles underlying *res ipsa loquitur:* A duty owing to the injured party; the injured party is not a participant in the matter—he is simply passive; the fact is one which is not likely to occur in case the defendant has used all ordinary care; the knowledge of its cause and origin is peculiarly within the possession of the defendant. Best on Evidence, (5th ed.) secs. 273, 274; *Cumins* v. *Wood*, 44 Ill. 416.

The rule applied to carriers of passengers is not a special rule, to govern only their conduct, but is a general rule, which may be implied wherever the circumstances impose upon one party alone the obligation of special care. Cooley on Torts, 665.

The rule applies "even where no special relation like that of passenger and carrier exists between the parties." (*Railroad Co.* v. *Cotton*, 140 Ill. 486.) Where an employee is injured by the breaking of the winch of a windlass at which he was working. (*Hamilton* v. *Branfoot*, 48 Fed. Rep. 914.) Where a building falls upon a passer-by. (*Mullen* v. *St. John*, 57 N.Y. 568.) Where a box falls while being hoisted. (*Lyons* v. *Rosenthal*, 11 Hun, 46.) Where a berth in a steamboat falls. (*Smith* v. *Packet Co.* 86 N. Y. 408.) Where an elevator falls upon plaintiff. (*Gerlach* v. *Edelmeyer*, 47 N. Y. Sup. 292.) Where packing cases fall upon the plaintiff. (*Briggs* v. *Oliver*, 4 H. & C. 407.) Where a boiler explodes and injures a person lawfully present who sustains no relation of employment or duty to the person controlling the boiler. (*John Morris Co.* v. *Burgess*,

44 Ill. App. 27.)   Where a coach is upset and injures a passenger.   (*Payne* v. *Halstead*, 44 Ill. App. 97.)   Where a piece of iron falls from an elevated railroad track.   (*Volkmar* v. *Railway Co.* 134 N. Y. 418.)   Where an omnibus horse kicks a passenger the owner has the burden of proof to explain the reason and show absence of negligence. *Simpson* v. *London, etc. Co.* L. R. 8 C. P. 390.

Negligence is presumed from a horse running unattended, and the owner should explain how it came. *Strup* v. *Edens*, 22 Wis. 432; *Hill* v. *Scott*, 38 Mo. App. 370; *Unger* v. *Railway Co.* 51 N. Y. 497.

CRATTY BROS., JARVIS & CLEVELAND, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The action below was trespass on the case brought by plaintiff in error against defendant in error.   The declaration avers as follows:

"For that, whereas, heretofore, on the day commonly known as 'Derby Day,' on, to-wit, the 25th day of June, 1893, said defendant, in said county, on the certain race course then and there in its possession, gave and conducted a public exhibition of horse racing, and thereto invited the public at large, charging and receiving an admission fee.   Plaintiff paid said fee and attended said exhibition, and was then and there, and at all times thereabouts, in the exercise of all reasonable and ordinary care, and lawfully in and upon the ground in defendant's possession and control, set aside by defendant for the use of the spectators at said races.   And plaintiff alleges that it then and there became and was the duty of defendant to use all reasonable and ordinary care to keep said grounds in a reasonably safe and suitable condition for the said spectators, and therein defendant made default, and so carelessly and negligently kept said grounds that

a horse drawing a vehicle ran, unguarded, unattended and unhindered, from a cause or causes which, upon diligent inquiry, plaintiff has not been able to learn, but which are to defendant well known, through and among the spectators, and in so doing ran upon and against the plaintiff, whereby he was violently thrown to the ground, and was thereby and then greatly bruised, hurt and wounded," etc.

The declaration was demurred to; the demurrer was sustained; plaintiff stood by his declaration; judgment was rendered for defendant, and has been affirmed by the Appellate Court. The present writ of error is sued out for the purpose of reviewing the judgment of the Appellate Court.

The question is whether the declaration was good on general demurrer. It is urged in favor of the sufficiency of the declaration, that proof of the injury as alleged will give rise to a presumption of negligence on the part of the defendant, and, so, establish a *prima facie* case under the application of the maxim, *"res ipsa loquitur."* It is claimed, that the declaration avers all that is necessary by stating, that defendant invited plaintiff into its racing course and accepted an admission fee from him; and that plaintiff was lawfully upon the ground set apart by the defendant for spectators, and, while there, was in the exercise of ordinary care; and that it was the duty of defendant to exercise reasonable care to keep the space so set apart reasonably safe; and that plaintiff was struck by a horse and vehicle running unattended through such space. It is contended, that the space reserved for spectators was not safe when a horse and vehicle thus ran through it, and that the fact of such running indicated negligence, and devolved upon the defendant the burden of showing how the accident happened and that it had used all reasonable care to prevent such an occurrence.

On the other hand, it is urged against the sufficiency of the declaration, that it does not state facts sufficient, if proven, to create a reasonable presumption of negligence on the part of the defendant, or to justify an allegation that defendant owed a duty to plaintiff, or to support an averment that the defendant had knowledge of the cause or causes of the running away of the horse. It is claimed, that the declaration is objectionable as not stating whether or not the plaintiff was in the grand stand, or in the space occupied by visitors in carriages or other vehicles drawn by horses, or in that occupied exclusively by pedestrians, and in not stating whether or not the horse which ran away belonged to the defendant, or was in the keeping of the defendant. It is contended by the defendant in error, that the running away of a horse creates no presumption of negligence except as against those whose duty it is to guard against such an occurrence, and that no fact is alleged in the declaration showing the duty of the defendant in this respect.

If an owner or occupier of land, either directly or by implication, induces persons to come upon his premises, he thereby assumes an obligation that such premises are in a reasonably safe condition, so that the persons there by his invitation shall not be injured by them, or in their use for the purpose for which the invitation was extended. (*Lake Shore and Michigan Southern Railway Co.* v. *Bodemer*, 139 Ill. 596; Campbell on the Law of Negligence, sec. 43; 16 Am. & Eng. Ency. of Law, 413; *Davis* v. *Central Congregational Society*, 129 Mass. 367).

In *Currier* v. *Boston Music Hall*, 135 Mass. 414, it was held, that the proprietor of a hall to which the public is invited is bound to use ordinary care and diligence to put and keep the hall in a reasonably safe condition for persons attending in pursuance of such invitation; and if he neglects his duty in this respect, so that the hall is in fact unsafe, his knowledge or ignorance of the defect is immaterial.

In the case at bar the declaration avers, that the defendant was in possession of the race course and conducted an exhibition of horse racing thereon, and invited the public at large to attend and charged an admission fee, and that plaintiff paid the fee and attended the exhibition. These facts are sufficient to impose the same obligation upon defendant, which rests upon any other owner or occupier of premises who invites people to come upon the same. Out of these facts necessarily arises the duty of defendant to keep the grounds in a reasonably safe and suitable condition for the spectators. Counsel for defendant in error refer to a number of authorities in support of the proposition, that a mere general allegation in the declaration that it became the duty of the defendant to do that which the plaintiff complains of its omitting to do, is not sufficient; and that the sufficiency of the declaration in this regard will depend upon whether the facts stated show that the defendant was bound in law to do that which it is charged with having omitted to do. No fault can be found with the doctrine of the authorities thus referred to. Tested by the rule laid down in them, the declaration here, by averring defendant's occupancy of the grounds and its invitation to the plaintiff to come thereon, states such facts as give rise to the general duty which the defendant is charged with failing to perform.

The question next arises whether the declaration makes such averments as show a breach of the duty arising out of the facts stated; or, in other words, whether negligence can be presumed from the running away of the horse within the space reserved for spectators. There are cases where the maxim, *res ipsa loquitur*, is applicable. The meaning of this maxim is that, while negligence is not, as a general rule, to be presumed, yet the injury itself may afford sufficient *prima facie* evidence of negligence, and the presumption of negligence may be created by the circumstances under which the injury occurred.

Where negligence is thus presumed from the occurrence of the injury, the defendant is called upon to rebut the *prima facie* case by showing that he took reasonable care to prevent the happening of such injury. (Cooley on Torts, marg. pages 661, 662; 16 Am. & Eng. Ency. of Law, 449). Perhaps it may be more accurate to say, that the presumption of negligence arises, not exclusively from the fact that the accident happened, but that it happened under given conditions and in connection with certain circumstances. (2 Thompson on Negligence, page 1228). Negligence has been presumed, so as to throw the burden of explanation upon the defendant, where a plaintiff was passing along a highway under a railway bridge, and a brick fell from one of the pilasters upon which an iron girder of the bridge rested, and injured him; (*Kearney* v. *London Railroad Co.* L. R. (5 Q. B.) 411, and 2 Thompson on Negligence, 1220); where a plaintiff walking in the street was struck and injured by a barrel of flour falling from the window of a warehouse belonging to the defendant (*Byrne* v. *Boadle*, 2 Hurl. & Colt. 722); where a building adjoining a street fell into the street and injured a plaintiff upon the sidewalk (*Mullen* v. *St. John*, 57 N. Y. 567); where the plaintiff, while making an inquiry at the door of a house in which the defendant had offices, received a push from the defendant's servant, who was watching a packing case, propped against the wall of the house and belonging to the defendant, and the packing case then fell upon and injured the plaintiff. (*Briggs* v. *Oliver*, 4 Hurl. & Colt. 403).

In *Scott* v. *Docks Co.* 3 Hurl. & C. 596, it was said by the court: "There must be reasonable evidence of negligence. But when the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those, who have the management, use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want

of care." This passage was quoted with approval in *North Chicago Street Railway Co.* v. *Cotton*, 140 Ill. 486. In Addison on Torts, (vol. 1, sec. 33,) the rule is thus stated: "Where the accident is one which would not, in all probability, happen, if the person causing it was using due care, and the actual machine causing the accident is solely under the management of defendant * * * the mere occurrence of the accident is sufficient *prima facie* proof of negligence to impose upon the defendant the *onus* of rebutting it." Upon the basis of these authorities the case of *The William Branfoot*, in 48 Fed. Rep. 914, holds, that, "when an unusual and unexpected accident happens, and the thing causing the accident is in one's exclusive management, possession or control, the accident speaks for itself, is itself a witness, *res ipsa loquitur*, and, in a suit by any one having an action therefor, the fact of the accident puts on the defendant the duty of showing that it was not occasioned by negligence on his part."

In the present case, it sufficiently appears from the declaration, that the race course and the grounds connected therewith were under the exclusive management and control of the defendant. But it is not alleged that the "run-away" horse, which caused the injury, was under the management and control of the defendant or its servants. It is matter of common knowledge, that these race courses are visited by invited spectators who drive into the grounds in their own carriages, or other vehicles, under the control of themselves or their own drivers. The averments of the declaration do not negative the idea, that the injury may have occurred through the negligence of one of these spectators in failing to properly control his horse. It was the duty of the defendant to provide sufficient barriers and watchmen and hitching posts, but a performance of this duty might not in all cases prevent accidents arising from the carelessness of those coming into the grounds with teams of their own.

Moreover, the declaration does not sufficiently specify in what place the plaintiff was when he was injured, whether in the space reserved for pedestrians, or what is called the grand stand, or in the space reserved for spectators visiting the race course in their own vehicles.   While the question of the sufficiency of the declaration is not altogether free from doubt, we are inclined to think that its allegations are not specific enough either as to the place of the injury, or as to the defendant's control over the immediate cause of the injury.

In *Conradt* v. *Clauve*, 93 Ind. 476, there was a demurrer to the first paragraph of a complaint, alleging that defendants were the owners and managers of enclosed fair grounds, charging an admission fee, and, while an agricultural fair was in progress, allotted a part of the grounds for shooting with a target gun, but gave no notice thereof to plaintiff who attended the fair with his horse and buggy, and, being ignorant of the location or existence of the gun, or that the portion of the ground reserved for target shooting had been so reserved, hitched his horse where others were hitched, and his horse was shot and killed; the demurrer was overruled, but it appeared from the complaint itself, that the target shooting was a part of the exhibition or entertainment carried on at the fair, and, so, under the supervision and control of its managers ; and that, although those engaged in the shooting were not strictly servants of the defendants, yet they were acting under the license and permission of the defendants, and bore such a relation to them, as made the defendants liable for injuries resulting from their negligence in not properly controlling the management of that part of their exhibition.

In *Unger* v. *Forty-second Street Railroad Co.* 51 N. Y. 497, it appeared that the plaintiff was run over in a public street by a team of horses, running away with a pole and whiffle-tree attached to them, and that the horses had become detached from a street car which they had been

drawing; and it was there held, that the fact that the horses were unattended and unfastened in the street was, unexplained, evidence of negligence against the defendant; but it also appeared that the horses belonged to the defendant, the street railroad company, and had broken away from one of its cars, while driven by one of its employees.

In *Strup* v. *Edens*, 22 Wis. 432, plaintiff's daughter was injured by horses running away, and it was said that "the fact that the horses got loose and ran away is some evidence of negligence," but the horses belonged to the defendant, and there was evidence tending to show that they were not properly hitched.

So, also, in *Hill* v. *Scott*, 38 Mo. App. 370, it appeared, that the "run-away" horse causing the injury belonged to the defendant, and had been securely hitched before he ran away. It was there said, that "a horse does not ordinarily get loose, if carefully hitched." While, in the case at bar, it might be presumed that the horse injuring the plaintiff would not have run away if he had been carefully hitched, yet the declaration does not state such facts as would lead to the conclusion that the horse belonged to the defendant or was under its control, or, that, if it belonged to a visitor to the race course, the defendant had neglected such precautions, in the way of hitching posts, or barriers, or watchmen, as would affect it with responsibility for the accident. The fact that a horse is running away unattended affords some evidence that the horse has been left unfastened or improperly and negligently secured, but does not necessarily indicate by whom he was so left in the absence of proof as to what person had control of him. (*Button* v. *Frink*, 51 Conn. 342).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*