### Chicago City Railway Co. v. John Eick.
#### Gen. No. 10,832.

1. RES IPSA LOQUITUR—*rule of, defined.* When an unusual and unexpected accident happens, caused by a machine in the exclusive management, possession or control of the defendant, the accident speaks for

itself, and its mere occurrence is *prima facie* proof of negligence, sufficient to impose upon the defendant the duty of showing that it was not caused by negligence on its part.

2.  PRESUMPTION OF NEGLIGENCE—*when arises.* A presumption of negligence arises where an accident occurs by reason of one of the defendant's cars which at the time of such accident was running along the tracks of the defendant, upon a public street upon which persons and vehicles were passing, with its motive power turned on and no one in control of the car.

3.  PRESUMPTION OF NEGLIGENCE—*when a, has been overcome.* It is for the jury to determine whether the explanation given by the defendant and his witnesses rebuts the *prima facie* presumption of negligence which is accorded as a matter of law under the doctrine of *res ipsa loquitur.*

4.  PROXIMATE CAUSE—*when alleged contributory negligence is not.* The driving upon a street car track, if contributory negligence, is not the proximate cause of an accident resulting from being struck by an electric motor car running with its power on and without an attendant.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed on remittitur. Opinion filed December 18, 1903.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

RICHOLSON & LEVY, for appellee; C. STUART BEATTIE, of counsel.

**Statement by the Court.** This is an appeal from a judgment against appellant in a suit for personal injury. Appellee was driving west upon appellant's north or west-bound track on Forty-seventh street, Chicago, when his wagon was struck by a sprinkling car which came up behind him. A few moments before the collision appellee had driven on to the track, along which the car was approaching, and had driven "about forty or fifty feet," when the accident occurred. The car was an electric motor sprinkler carrying a water tank, and was in charge of a single motorman. When about 150 yards east of where appellee's wagon turned to go upon the track, the motorman, according to his testimony, had fallen off his car, having received, as he says, an electric shock in some unexplained way, and there

was no one on the car when the collision occurred. Appellee's horse and wagon were forced to one side, and he was thrown out, and the car was stopped a short distance further on by a man who caught the rear end of the car and "pulled off the trolley and set the brake."

The declaration originally consisted of two counts. The first charged that appellant "negligently and wrongfully permitted said car to be in unsafe repair and condition and failed to maintain proper insulation, and that by and through the said carelessness, negligence and wrongful conduct of the defendant the motorman received a violent electric shock" by which he was disabled and knocked off the car. In the second count the charge is that appellant negligently and wrongfully ran and managed the car.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff discontinued as to the first count of his declaration, and the court accordingly instructed the jury that the plaintiff had "dismissed his case as to the first count of his declaration, and you should disregard that count altogether." The negligence charged is therefore that appellant negligently and wrongfully ran and managed the motor car so that it ran into appellee's wagon from behind, throwing him to the ground and inflicting the injuries for which recovery is sought.

It is insisted that the conditions under which appellee was injured bring the case within the rule, *res ipsa loquitur.* The meaning of this maxim is stated in Hart v. Washington Park Club, 157 Ill. 9–14, where will be found a citation of authorities. When an unusual and unexpected accident happens, caused by a machine in the exclusive management, possession or control of the defendant, the accident speaks for itself, and its mere occurrence is *prima facie* proof of negligence, sufficient to impose upon the defendant the duty of showing that it was not caused by negligence on his part. The circumstances of the case before us, bring it within the rule. The car was in charge of one of appellant's servants,

and the fact that when the accident occurred it was running along one of appellant's tracks upon a public street on which persons and vehicles were passing, with its motive power turned on and no one in control of or on board the car, creates a presumption of negligence which appellant was called upon to rebut.

The explanation given by the motorman of the way in which he lost control of and fell from the car is, that with one hand on the brake handle he had turned to look back, he thinks to see if there was any water going out of the tank, and as he did so he placed his other hand on the tank, " and at that instant when I put back my hand I got a shock and fell off involuntarily." The only evidence relating to what could have caused such a shock as the motorman says he received, is from appellant's witnesses, and these, including expert electricians, swear that they have never known or heard of a case of the kind before, and don't know of any way in which the electric apparatus could cause it. There is evidence tending to show that appellant had these cars regularly inspected, and exercised care and prudence in keeping them in proper order; that there were no electric wires on the top of the tank where the motorman placed his hand, and that the tank being of wood, was a non-conductor. It is urged that under this evidence the absence of the motorman from the car cannot be ascribed to negligence in running or managing the car, and that if the accident was caused by such absence leaving the car uncontrolled, the cause was beyond appellant's power to foresee or control.

It was for the jury to determine whether the explanation rebuts the *prima facie* presumption of negligence raised by the occurrence of the accident in the manner stated. In O'Flaherty v. Nassau Electric R. Co., 54 N. Y. Supplement, 96, the plaintiff was injured by a broken trolley wire. There the defendant company claimed it had successfully met the presumption and established by conclusive evidence that it was without fault, having used the best material and method of construction and had the wire regularly inspected. The credibility of this evidence was, it is there

said, to be determined by the jury.    See also Uggula v. W.
E. St. Ry., 160 Mass. 351–353.    In the case at bar it was
for the jury to consider whether the explanation offered by
appellant relieved it from the presumption of negligence
raised by the undisputed facts.    If appellant ran its car in
an unsafe condition, evidence tending to show such condi-
tion was admissible under the second count.

It is insisted that appellee was guilty of contributory neg-
ligence in driving on the track.    Assuming that he should
have looked and might have seen or did see a car, 150 yards
away, approaching at an ordinary rate of speed on the track
upon which he was driving, his alleged negligence, if any
there was in that respect, was not a direct or proximate
cause of his injury.    Had appellant's motorman been in
charge of his car, it could and doubtless would have been
checked without striking the wagon, which was so far
ahead that the motorman had ample space and time to con-
trol the car and avoid the accident.

It is urged the verdict and judgment are excessive.    The
original injuries consisted, it is claimed, of a dislocation of
the shoulder and the fracture of three ribs.    There is con-
flict of opinion among the doctors as to whether the ribs
were fractured or not, and as to the extent and duration of
the alleged physical incapacity said to have resulted from
the injury.    We have carefully considered the evidence,
and are compelled to the conclusion that, taking all the
circumstances into consideration, the verdict is larger than
appellee is entitled to recover as compensation.    If, there-
fore, within ten days appellee shall remit the sum of $1,500
from the amount of the judgment, it will be affirmed as to
the remainder; otherwise not.

*Affirmed on remittitur.*

Mr. Justice STEIN having presided at the hearing of this
cause in the trial court, did not participate in the forego-
ing decision.

Remittitur filed and cause affirmed December 19, 1903.