ANNA M. RAXWORTHY *et al.* Admrs., Defendants in Error, *vs.* C. C. HEISEN, SR., Plaintiff in Error.

*Opinion filed June 22, 1916—Rehearing denied October 11, 1916.*

1. MASTER AND SERVANT—*duty of master to his servant where an independent contractor is doing work.* A master who requires his servants to work about the premises where an independent contractor has been engaged to do certain work, owes to such servants the duty of using reasonable care to see that the independent contractor does not, by the negligent use of defective appliances or machinery, make unsafe the place where such servants have been required to work.

2. SAME—*when the master is liable for an injury to his servant through negligence of independent contractor.* Where a master requires a servant in his employ to cut stone near a derrick being used by an independent contractor for hoisting stone, and the cable of the derrick is rusty and defective, so that its unsafe condition would be apparent to the master, who was frequently about the premises inspecting the work, the master is liable for an injury to the servant caused by the breaking of the cable and the dropping of a stone upon the servant while he was cutting another stone at the place where the master had directed him to work.

3. SAME—*express averment of failure to furnish a safe place to work is not essential.* An express averment of a failure to furnish a safe place to work is not essential where the declaration alleges the existence of the relation of master and servant, from which the law raises the duty of the master to furnish the servant a safe place to work, and the other averments show, as clearly as if stated in express terms, a failure to perform such duty.

4. SAME—*when declaration sufficiently shows breach of duty to furnish safe place to work.* A declaration alleging, in substance, that the deceased was a servant of the defendant and was required

to work under the boom of a derrick being used by an independent contractor where he was liable to injury or death if the cable used on the derrick should break, and that both the master and the independent contractor negligently permitted an old, rusty, insecure and imperfect cable to be installed and used, which broke and killed the servant while he was performing his duties in the place he was required to work, sufficiently alleges a failure by the master to provide a safe place to work.

CARTWRIGHT, DUNN and COOKE, JJ., dissenting.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

WINSTON, PAYNE, STRAWN & SHAW, (EDWARD W. EVERETT, and CHARLES J. McFADDEN, of counsel,) for plaintiff in error.

DAVID K. TONE, and H. M. ASHTON, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

On February 2, 1911, Thomas Raxworthy, while working for C. C. Heisen, Sr., plaintiff in error, as a stonecutter in the erection of a building at the corner of Dearborn and Harrison streets, in the city of Chicago, was struck and killed by a large stone which fell to the sidewalk while the stone was being hoisted from the ground. Anna M. Raxworthy and Thomas F. Hunt, as administratrix and administrator, respectively, of the estate of said deceased, brought suit in the circuit court of Cook county against the plaintiff in error and Alexander Shand to recover damages occasioned by the death of the said Thomas Raxworthy. A trial was had before a jury, which resulted in a verdict finding the issues in favor of the administrators as against the plaintiff in error and fixing the damages at the sum of $10,000. Shand was by the verdict found not guilty. On

motion of the administrators a new trial was granted as
to Shand, but the suit was thereafter, on motion of the
administrators, dismissed as to him. The motion made by
plaintiff in error for a new trial was denied and judgment
was rendered upon the verdict against him for $10,000,
from which judgment he appealed to the Appellate Court
for the First District. The Appellate Court affirmed the
judgment of the circuit court, and a writ of *certiorari* hav-
ing been allowed by this court upon the petition of Heisen,
the record has been brought before us for review.

It appears from the evidence that plaintiff in error was
the owner of the building, sixteen or eighteen stories high,
in course of construction, and that certain of the work-
men engaged in the construction of the building, including
Thomas Raxworthy, were in the immediate employ of the
plaintiff in error while other workmen were in the employ
of independent contractors. The plaintiff in error had con-
tracted with Shand to furnish all labor, materials, tools,
derricks, power, etc., for hoisting and setting stone in the
building, at a certain sum specified in the contract. The ac-
cident was occasioned by reason of the breaking of a wire
cable attached to the derrick which was being used by work-
men in the employ of Shand to hoist the stone from the
ground to the fourth floor of the building. The derrick and
the wire cable, which belonged to Shand, had been placed in
position by his workmen several days before the accident.
The evidence tends to show that the wire cable was not of
sufficient strength to sustain the strain required in hoisting
heavy stone; that it was old, rusty and defective, and that
this condition could have been observed at a distance at
from ten to fifteen feet from the cable. The evidence fur-
ther tends to show that the plaintiff in error maintained an
office in the building and was frequently around the build-
ing supervising the construction of the building; that he
also had in his employ a general superintendent, and an-
other superintendent who had charge of all the stonework

in the building, and that these superintendents were around the building practically all the time. Shand had nothing to do with cutting the stone. His duties, under his contract, consisted in hoisting and setting the stone in position. The evidence tends to show that immediately before the accident Raxworthy was ordered to cut a stone near the place where the stone that fell was being hoisted from the ground, and was engaged in marking the stone which he had been ordered to cut, when the stone that was being hoisted fell to the sidewalk and struck and killed him.

The negligence charged in the declaration was that the defendants carelessly and negligently used, and permitted to be used, maintained and installed, a cable which was not strong enough to sustain the strain it was subjected to, and that it was an old, rusty, insecure and imperfect cable.

The principal ground urged for reversal is that the negligence which caused the death of Raxworthy was the negligence of Shand, an independent contractor, and that the plaintiff in error is not liable for the negligence of an independent contractor. Defendants in error do not controvert the contention that Shand was an independent contractor, but insist that the master in possession of the premises is bound to furnish his servants a reasonably safe place to work, and that if he knows, or by the exercise of ordinary care could know, the instrumentalities used by the independent contractor rendered dangerous or unsafe the place where the master's servants were required to work, he cannot escape liability because the injury is caused by machinery or instrumentalities owned and employed by an independent contractor. If Raxworthy had been the servant of Shand, the independent contractor, there could have been no recovery against plaintiff in error. (*Pioneer Construction Co.* v. *Hansen,* 176 Ill. 100.) The question then presented is whether plaintiff in error owed his own servants the duty of using reasonable care to see that Shand, as an independent contractor, did not, by the negligent use

274 — 26

of defective appliances in the performance of his work, make unsafe or dangerous the place where plaintiff in error's servants were required to work. This precise question has not, we believe, been heretofore passed upon by this court. It has been determined by other courts, and while the decisions are not all in accord, we think the weight of authority supports the contention of defendants in error that plaintiff in error did owe his servants the duty of using reasonable care to see that Shand did not by his negligence render the place they were required to work unsafe. A case in point is *Griffith & Sons' Co.* v. *Brooks,* 197 Fed. Rep. (C. C. A.) 723. There a sub-contractor under a general contractor was in charge of and operating a derrick in performing certain work on a building. The exact relations between the general contractor and the sub-contractor are not shown but it does appear that the sub-contractor controlled and paid his men, and the court said it was not important what the precise legal relations between them were. By reason of having been insecurely fastened the derrick fell and injured a man at work under the orders of the general contractor. The court said the general contractor caused the derrick to be brought to the building and installed as one of the instrumentalities needed in performing the work; that he knew it had to be securely supported to stand the strain required in doing the work; that a simple external inspection would have disclosed this was not done, and a judgment against the general contractor was affirmed.

In *Toledo Brewing and Malting Co.* v. *Bosch,* 101 Fed. Rep. (C. C. A.) 530, a servant of the brewing company was injured by reason of the negligence of an independent contractor. The court said, to the general rule that the master is not liable for the negligent acts of an independent contractor there are important exceptions; that the law makes it the duty of the master to furnish his servants a safe place to work; that this duty cannot be delegated to an

independent contractor, and a judgment against the master was sustained.

*Vickers* v. *Kanawha and West Virginia Railroad Co.* 63 S. E. Rep. (W. Va.) 367, involved the liability of the master for an injury to its servant resulting from the negligence of an independent contractor. The court said: "In our opinion, therefore, the defendant having permitted the erection of this derrick so near to its tracks, supported, as it was, by these overhanging guy ropes, was bound, in the discharge of its non-delegable duty to its servants, to keep a watchful supervision over it, and that by the progress of the work and by setting the car there for the removal of the derrick it was thereby chargeable with sufficient notice to require vigilant supervision and inspection necessary to avert the dangers incident to the work."

The Supreme Court of Pennsylvania said in *Trainor* v. *Railroad Co.* 137 Pa. St. 148, a suit against a railroad company by its employee for an injury caused by the fall of a derrick of an independent contractor: "The master owes to the servant the duty of providing a reasonably safe place to work in and reasonably safe appliances with which to do the work, and the delegation of this duty to an agent or independent contractor will not relieve the master from responsibility for an injury to the servant resulting from its neglect." See, also, *McBeath* v. *Rawle,* 192 Ill. 626, which is the nearest case in point decided by this court to which our attention has been called, and *Winslow* v. *Commercial Building Co.* 28 L. R. A. (N. S.) 563.

*North Chicago Street Railroad Co.* v. *Dudgeon,* 184 Ill. 477, was an action brought by the plaintiff, a conductor employed by the street car company, against the company for an injury caused by the plaintiff being thrown by a sudden jerk or start of a car he was boarding, against a pile of stones and other material placed near the tracks upon which the car was operated. The street railway company had let the contract for repairing its track and road-bed to an inde-

pendent contractor, and in doing the work stones and granite blocks were placed along near the tracks by the contractor, which caused the injury to the plaintiff. It was contended by the defendant that the work was being done by an independent contractor and that defendant was not liable. It was held that one exception to the general rule that the doctrine of *respondeat superior* does not apply to cases of independent contractors is where the defendant is exercising some chartered privilege or power which could not be exercised independently of its charter, and that in such case the corporation could not avoid liability for acts done under its corporate franchises by letting the contract to a construction company. The court said, following the discussion of this exception to the rule: "It should not be forgotten, in addition to the foregoing rule, that the law requires that the master shall provide a reasonably safe place for the servant to work, and failing so to do is answerable for resulting injuries, unless the dangers are such as are reasonably incident to his employment, or of which the servant has equal knowledge or means of knowledge with the master, or where the danger is imminent."

It is the duty of the master to use reasonable care to furnish his employees a safe place to work, and that duty he cannot delegate to another so as to relieve himself from liability for an injury resulting from a failure to perform the duty. (*Chicago and Alton Railroad Co.* v. *Eaton,* 194 Ill. 441; *Himrod Coal Co.* v. *Clark,* 197 id. 514, and cases cited; *Missouri Malleable Iron Co.* v. *Dillon,* 206 id. 145.) There is no reasonable basis for an exception to the rule where an independent contractor is employed, as in this case, to do some part of the work. If the injury results from suddenly occurring negligent acts of the independent contractor or from any cause which the master did not know, and could not, in the exercise of reasonable care, have anticipated, then no liability would attach to him. Here, however, the facts settled by the judgment of the Ap-

pellate Court are that the cable, which had been in use on the building for several days, was defective, that the defects were apparent to observation, and that the plaintiff in error and his superintendent were frequently around the derrick and cable, in a position to see and know the defects. With this knowledge of the defects, under plaintiff in error's orders and directions deceased continued to work at a place where he was exposed to injury if by reason of the defects in the cable it should break. The plaintiff in error should have either required the defects remedied or have moved deceased to a place to work where he would not have been exposed to the danger. An injury to plaintiff in error's employee as the result of the use of a defective cable might have been anticipated as probable, and that the master should be held liable in such case seems to us reasonable and just. If the injury could not have been anticipated as the probable result of the use of the defective cable a different rule would apply.

It is contended by plaintiff in error that the declaration does not allege a failure of plaintiff in error to furnish the deceased a safe place to work; that under the averments of the declaration that question is not properly involved in the case and a recovery cannot be sustained upon that theory. The first additional count alleges that plaintiff in error and Shand were jointly engaged and co-operating in the work of cutting stone and hoisting and putting it in place in the building, and that the deceased was working on the ground floor of the building beneath where the derrick was being operated; that Shand was the owner of the derrick and the cable and appliances for its operation and was operating it to raise the stone in place; that plaintiff in error exercised general supervision over cutting and hoisting the stone, and that it was his duty to exercise reasonable care to keep the derrick and appliances in a reasonably safe condition so as to prevent its breaking and injuring deceased and other employees working near the derrick, but that, disregarding

this duty, he used, and permitted to be installed and used, an old, rusty, insecure and imperfect cable, which broke while hoisting a stone, causing the stone to fall and kill plaintiffs' intestate, who was at the time in the exercise of ordinary care for his own safety, and did not know, and could not in the exercise of ordinary care have known, of the defective condition of the cable. The second additional count alleges Shand was the owner of the derrick and appliances for its operation; that he was employed by plaintiff in error to hoist, by means of the derrick, stone from the ground and install it in place in the building; that plaintiff in error was at the same time engaged in cutting and assembling the stone on the ground near the building; that deceased was a servant of plaintiff in error, engaged in cutting and shaping the stone; that he was working underneath where the boom of the derrick swung in hoisting the stone and where he was liable to injury or death if the cable used on the derrick was imperfect or of insufficient strength,—all of which was known, or could have been known by the exercise of ordinary care, to both plaintiff in error and Shand. This count averred it was the duty of both the defendants to exercise reasonable care to keep the cable in a reasonably safe condition so as to keep it from breaking with a load and injuring plaintiffs' intestate, yet the defendants negligently permitted to be installed, maintained and used an old, rusty, insecure and imperfect cable while plaintiffs' intestate was engaged in the performance of the duties before described for plaintiff in error, exercising due care for his own safety, not knowing, and not having means by the exercise of ordinary care to know, of the defective condition of the cable, and that the cable broke, etc., as a result of which plaintiffs' intestate was killed.

The averments of the declaration showed the existence of the relation of master and servant between plaintiff in error and deceased, from which the law raises the duty of the master to furnish the servant a safe place to work, and

the averments showed, as clearly as if stated in express terms, the failure to perform that duty. This has been repeatedly held sufficient. (*Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540; *Cribben* v. *Callaghan,* 156 id. 549; *Himrod Coal Co.* v. *Clark, supra; Schueler* v. *Mueller,* 193 id. 402; *Sargent Co.* v. *Baublis,* 215 id. 428.) Furthermore, it would seem plaintiff in error understood the declaration as sufficient to raise the question of his duty to furnish deceased a reasonably safe place to work and his liability for a failure to perform that duty, for instruction No. 21 given on behalf of plaintiff in error told the jury the law imposed upon defendant Heisen the duty to exercise ordinary care to furnish deceased a reasonably safe place to work, and that if he used the degree of care to do so which a reasonably prudent person would have exercised under similar circumstances there could be no recovery.

There is, in our opinion, no basis for the contention that as a matter of law deceased assumed the risk or was guilty of contributory negligence.

Complaint is made of the ruling of the trial court in giving certain instructions on motion of defendants in error. This was fully discussed by the Appellate Court in its opinion, and as we agree with that court that there was no reversible error in giving the instructions complained of, we do not deem it necessary to enter into a discussion of this question.

Some of the objections raised to the rulings of the court in the admission of testimony may be technically well grounded, but such errors, if any, were not of an important character and in our view are not sufficient to justify a reversal of the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, DUNN and COOKE, JJ., dissenting.