## Alice Jerrell, Appellee, v. Harrisburg Fair and Park Association, Appellant.

1. JUDGMENT, § 217*—*when motion in arrest will not lie on ground of insufficiency of declaration.* A motion in arrest of judgment on the ground that the declaration was insufficient to sup‧ port the judgment was properly denied where one count contained a defective statement of a good cause of action.

2. JUDGMENT, § 216*—*when question of form in declaration cannot be raised by motion in arrest.* The question of form in a declaration cannot be raised by a motion in arrest of judgment.

3. AGRICULTURE, § 3*—*when declaration in personal injury action against fair association states cause of action.* A declaration in a personal injury case by a guest who had paid an admission fee to see an automobile race at an exhibition given by defendant fair and park association, and sustained injury by being struck by one of the automobiles leaving the race track and striking her, stated a cause of action in alleging the duty to keep the ground allotted and set apart for guests adjoining to and surrounding the short turn in the race track reasonably free from danger likely to occur in consequence of the automobile race.

4. AGRICULTURE, § 3*—*liability of fair association for injuries to spectator at automobile race.* A fair and park association, which while giving an exhibition had offered prizes to automobile contestants and had invited the public to attend and charged an admission fee, could not be heard to say in an action by one who had paid to see the race, and was injured by one of the racing automobiles‧leaving the track and striking her, that it had no control over the contestants, and that even though plaintiff was injured through the negligence of such contestant, it was not liable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXV 18

5. INSTRUCTIONS, § 110*—*when instruction as to plaintiff's right to recover in general is proper.* Where one of the counts of a declaration stated a cause of action, an instruction was proper which stated that plaintiff was entitled to recover if the jury believed from the preponderance of the evidence that plaintiff made out her case as charged in the declaration, or any count thereof.

6. DAMAGES, § 212*—*when instruction that jury may consider physician's bills is proper.* Testimony in a personal injury case by a married woman that she expended money for doctor's bills justified an instruction that the jury might consider physician's bills in estimating damages.

7. DAMAGES, § 19*—*inability of married woman to do housework as causing financial loss.* A married woman suffers financial loss because of inability to do her housework.

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed November 7, 1919.

A. C. LEWIS and ROBERT E. CHOISSER, for appellant.

FOWLER & RUMSEY, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

The Harrisburg Fair and Park Association, a corporation, on and prior to July 4, 1916, was in possession of 40 acres of land lying about one mile north of Harrisburg which is used as a park and fair ground. At different times it had given exhibitions thereon consisting of races and agricultural fairs. Near the center of the tract of land was an oblong race track one-half mile around, the long way being east and west. For the accommodation of guests there was a covered grand stand furnished with seats located near the center of the south side of the track. Immediately east of the grand stand was a sharp curve or turn in the race track. The outer edge of the race track at the turn was about 3 feet above the level of the ground and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

about the same distance higher than the opposite side of the track.

The above facts, except as to the former exhibitions, were set forth in the declaration and it was averred that the short turn in the track was a dangerous place for automobiles to run at a high rate of speed for the reason that it was likely to cause an automobile so running to leave the track. It was also averred that the space immediately adjoining the short curve, on the outside thereof, had been set apart as a place for guests to watch the races on said track.

It was further averred in the declaration that prior to July 14, 1916, appellant had arranged to have a speed and endurance contest in a 100 mile race between automobiles on said race track for a purse of $500, to be paid by appellant, to the successful contestant, that appellant advertised the same and invited the public to attend and fixed an admission fee of 25 cents for each person attending and that pursuant to said advertisement appellant held said exhibition, on said date, and that five automobiles entered the contest.

It was further averred that appellee attended the exhibition, paid the required admission fee and took a position on the part of the grounds so set apart for that purpose adjoining the short turn in the race track, and that after she had been watching the race for some time one of the automobiles engaged in the contest, while running at a high rate of speed at the short turn in the track, left the track and ran against appellee knocking her down and seriously injuring her. It was also averred that appellee was using due care for her personal safety.

It is argued that the declaration is not sufficient to support the verdict for the reason that neither count contains, by apt averment, the charge that it was the duty of appellant to use reasonable care to furnish appellee a reasonably safe place from which to watch the race, that neither count charges any negligence on

276 APPELLATE COURTS OF ILLINOIS.

Jerrell v. Harrisburg Fair and Park Ass'n, 215 Ill. App. 273.

the part of appellant and that each count in the declaration fails to show casual connection between negligence on the part of appellant and the injury complained of. It is likewise claimed the proofs fail to show these facts.

On the question of negligence on the part of appellant it is argued that it had no control over the contestants in the race. That it in no manner attempted to regulate or control the contestants and that they were in no way subject to the direction of appellant and that even though one of the contestants was negligent and thereby appellee was injured, appellant would not be liable therefor. The proof on this question offered by appellant was that the only restriction placed by appellant on contestants was as to the displacement of the piston in the automobiles entering the contest.

The proof offered by appellee tended to establish the facts above recited, while on the part of appellant it offered evidence of witnesses who testified that police officers stood at the place in question and warned the people that it was a dangerous place. Witnesses on behalf of appellee said these officers were there for the purpose of keeping persons from crossing the track while the race was on.

The declaration on which the case was tried contained three counts. Appellant filed a demurrer to the declaration and then filed pleas thereto. The case was tried by a jury and a verdict for $1,500 returned in favor of the appellee. After motions for a new trial and in arrest of judgment had been denied, judgment was rendered on the verdict, from which this appeal is prosecuted.

The grounds set forth in the motion in arrest of judgment, so far as the declaration may be questioned by that motion, are:

"The declaration is insufficient in law to support a judgment thereon.

"The declaration does not state a cause of action." This motion being directed against all the counts in the declaration, if there is one count that will stand against the motion the court did not err in denying the motion and entering judgment so far as the declaration is concerned.

On the question of the duty of appellant to use reasonable care to furnish a reasonably safe place from which appellee could watch the contest, the third count in the declaration contained the following averment:

"That it then and there became and was the duty of the said defendant to exercise reasonable care to keep the said grounds so allotted and set apart adjacent to and surrounding said short turn in said race track for guests aforesaid reasonably free from danger likely to occur in consequence of said automobile race, and reasonably safe from danger from accident likely to occur."

The Supreme Court in discussing what questions may be raised by a motion in arrest of judgment has said:

"The rule, as we understand it, is that pleading over to the merits will aid a defective statement of a good cause of action, but will never assist a statement of a defective cause of action." *Marske v. Willard,* 169 Ill. 276.

From this it follows that the question of form, in a declaration, cannot be raised by a motion in arrest of judgment. In that pleading the question that can be raised, so far as the declaration is concerned, is the question of substance. If a plaintiff has a good cause of action, even though it may be defectively stated, judgment will not be arrested after pleas are filed to the merits and a verdict has been returned.

On the question of estoppel by verdict, the Supreme Court has held: "After verdict, judgment will not be arrested for any defect in the declaration, which,

278    Appellate Courts of Illinois.

Jerrell v. Harrisburg Fair and Park Ass'n, 215 Ill. App. 273.

by reasonable intendment, must be considered to have been proved, or where the requisite allegation may be considered as part of what is already alleged in the declaration." *Cribben v. Callaghan,* 156 Ill. 549.

In the application of these rules in a case where an employee had been killed and the relationship of master and servant had been set forth in the declaration and it was averred that it was the duty of the defendant "to exercise reasonable care to keep the cable in a reasonably safe condition so as to keep it from breaking, etc.," the Supreme Court held: "The averments of the declaration showed the existence of the relation of master and servant between plaintiff in error and deceased, from which the law raises the duty of the master to furnish the servant a safe place to work, and the averments showed, as clearly as if stated in express terms, the failure to perform that duty." *Raxworthy v. Heisen,* 274 Ill. 398.

The rule in this class of cases is stated by the Supreme Court in the case of *Hart v. Washington Park Club,* 157 Ill. 9, as follows: "If an owner or occupier of land, either directly or by implication, induces persons to come upon his premises, he thereby assumes an obligation that such premises are in a reasonably safe condition, so that the persons there by his invitation shall not be injured by them, or in their use for the purpose for which the invitation was extended."

Following the rule laid down in the case of *Raxworthy v. Heisen, supra,* the declaration in this case was not open to an attack by a motion in arrest of judgment.

The appellant was giving an exhibition on grounds in its possession. To secure attractions it had offered a prize to the successful contestant. It invited the public to attend and charged an admission fee of 25 cents. This is not different, so far as the public is concerned, from hiring attractions and paying each for their work. It is a fact that many attractions are

given in a peculiar manner entirely under the control of the person in charge thereof, and a person employing such an attraction would have no control whatever over the manner in which the attraction would be staged, yet a person employing such an attraction cannot escape liability by saying the person acts independently. The person employing the attraction is giving the exhibition.

Complaint is made of the second, third, fourth and fifth instructions given by the court at the request of the appellee.

The second instruction tells the jury that if they believe, from the preponderance of the evidence, and under the instructions of the court, that the plaintiff has made out her case as charged in the declaration, or some count thereof, they should find for the plaintiff.

An instruction containing the substance of this instruction was held not reversible error by the Supreme Court in the case of *Belskis v. Dering Coal Co.*, 246 Ill. 62.

Appellee's third and fourth instructions were based on the rule quoted from the case of *Hart v. Washington Park Club, supra*. The third instruction informed the jury that where a person invites the public to attend an exhibition and charges an admission fee, it becomes the duty of such person to exercise reasonable care to make the place provided for guests reasonably safe. The fourth instruction told the jury that under the same conditions it becomes the duty of such person to use reasonable care to make the place where guests are expected to be reasonably safe for the protection of such guests against danger likely to result from such exhibition. These instructions are supported by the rule mentioned. They stated the law correctly and even though abstract propositions of law they were applicable to the facts and did not mislead the jury. It is not reversible error to give such an instruction. *Danley v. Hibbard*, 222 Ill. 88.

The fifth instruction given at the request of appellee is substantially the same as an instruction sustained by the Supreme Court in the *Chicago & M. Elec. Ry. Co. v. Ullrich,* 213 Ill. 170, except the instruction now under consideration told the jury that they might consider physician's bills in any estimate of damages they might consider.

It is argued there was no evidence on which to base the portion of the instruction as to physician's bills. It is also argued that, as the appellee was a married woman, she could not recover for loss of time for the reason her husband was the only person damaged thereby. In the abstract prepared by counsel for appellant, the testimony of appellee as to payment of physician's bills is omitted, but in the additional abstract prepared for appellee it appears in her testimony that she paid $75, physician's bills. This was sufficient on which to base that portion of the instruction. As to the position that a married woman does not suffer financial loss because of inability to do her housework, there is no case cited in support of that theory nor is there any reason for such rule. It is not the law.

It is next urged that the court erred in refusing appellant's refused instructions numbered 1, 10, 13, 14 and 22.

Its refused instruction number 1 was as follows: "If you find from the evidence that the plaintiff received the injury complained of as the result of a mere accident, the plaintiff must recover and you should find the defendant not guilty." This was clearly wrong. It means nothing.

Appellant's refused instruction number 22 was as follows: "For an injury which is the result of an accident there can be no recovery. And if you believe from the evidence that the injury suffered by the plaintiff was the result of a mere accident, and that it was not caused by the negligence of the defendant, you must find the defendant not guilty."

It will be observed that the first sentence in this instruction stated to the jury that if the injury to appellee was the result of an accident, appellee could not recover. The word "accident," when used with reference to its legal meaning, was not defined in any instruction given at the request of either party.

Appellant's refused instruction number 10 told the jury that if appellee had done certain things she was not using due care for her personal safety and she could not recover. The question of due care on the part of appellee was a question of fact for the jury and the court should not invade the province of the jury, which it would have done if this instruction had been given.

Appellant's refused instructions numbers 13 and 14 were fully covered by other instructions given at its request.

During the examination of witnesses some of them were permitted to testify that the place where appellee was located at the time of being injured had theretofore been used as a place for persons witnessing races. This was objected to on the ground that the elements necessary to prove a custom were not proven. The elements necessary to prove a custom that has become a law were not involved. It was averred in the declaration that the particular place had been allotted for that purpose and the length of time it had been so used had no effect on the question of the allotment. The moment the place was so allotted and guests permitted to use it, it was established. It was not improper to admit the proof for the purpose of showing the place had been so used on former occasions, that being a proper method of showing how it was used.

One of the attorneys for appellee, in the argument of the case, made a statement that was not warranted by the evidence. Appellant's counsel made objection and the objection was sustained. It is argued this was prejudicial. There is no doubt the remark was not proper

and the court properly sustained objections to it. It is not, however, of such character as to prejudice the rights of appellant when properly acted on by the court as was done in this case.

On the question that the verdict is against the weight of the evidence, that was determined by the jury. There was some conflict in the evidence and unless the verdict is manifestly against the weight of the evidence, or there is some reversible error in some of the rulings of the court, either during the progress of the trial or in the instructions, a court of review will not interpose its judgment for that of a jury. Finding no reversible error in the record the judgment will be affirmed.

*Affirmed.*